DECISION AND JUDGMENT ENTRY
Appellant, Terrance Coleman, was originally charged with felonious assault with a firearm specification and two counts of witness intimidation. The matter proceeded to a jury trial in the Lucas County Court of Common Pleas. During the trial, one of the intimidation charges was dismissed. The jury acquitted appellant on the remaining intimidation count, but found him guilty of the felonious assault charge with the specification. The court accepted the verdict and sentenced appellant to a term of eight years imprisonment with an additional three year consecutive term for the firearm specification.
On appeal, appellate counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, in which he states that he has fully examined the record on appeal and reviewed relevant law, but has been unable to identify any arguable issues. Pursuant to Anders, counsel has identified four areas of potential error which he examines, but concludes are not viable. He requested leave to withdraw as counsel and provided appellant with a copy of his brief so that appellant may be afforded the opportunity to advance his own arguments. Appellant has chosen to do this and properly submits his own argument on three assignments of error.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby render our decision.
The areas of potential error examined by appellate counsel are 1) weight, and 2) sufficiency of the evidence, 3) sentencing and 4) ineffective assistance of trial counsel. Appellant cites as error, 1) ineffective assistance of trial counsel, 2) ineffective assistance of appellate counsel, and 3) racial under-representation in the Lucas County juror pool.
 I.
The standards for both sufficiency of the evidence and weight of the evidence are delineated in State v. Thompkins (1997), 78 Ohio St.3d 380.
At trial, the victim testified that appellant shot him twice. The only contradictory evidence was testimony from appellant's brother who, while admitting appellant was at the scene, claimed it was the victim who had the gun. This testimony was contradicted by three apparently neutral witnesses who testified that the shooter resembled appellant. The witness also testified that the shooter arrived in the car that appellant's brother used to transport appellant to the scene. This testimony is sufficient, if believed, to convince the average mind that appellant was guilty of the crime beyond a reasonable doubt. Moreover, we have carefully reviewed the entire record of appellant's trial and find no indication that the jury lost its way or perpetrated a manifest miscarriage of justice. Additionally, the sentence which was imposed in this case was in conformity with the felony sentencing requirements of R.C. 2929.11 et seq. Accordingly, we concur with appellate counsel's analysis that these potential assignments of error are without merit.
 II.
Both appellate counsel and appellant consider the effectiveness of trial counsel with differing conclusions.
The sixth amendment to the U.S. Constitution and Article I, Section 10
of the Ohio Constitution guarantee a criminal defendant effective assistance of counsel. To demonstrate that counsel's assistance was so deficient as to require reversal on constitutional grounds, a defendant must show 1) that counsel committed errors so grievous that he or she was not functioning as "counsel," and 2) the defendant was actually prejudiced by this deficient performance to the extent that the result of the defendant's trial was unreliable. Strickland v. Washington (1984),466 U.S. 668, 687; State v. Smith (1985), 17 Ohio St.3d 98, 100.
Appellate counsel finds nothing in the record suggesting that trial counsel's performance was deficient. Appellant, however, suggests that trial counsel should have argued or requested an instruction on self defense or accident and should have showed the jury appellant's injured right trigger finger. The finger was "practically blown off" in the fray and, according to appellant, would have prevented him from firing a second shot had he been the shooter.
The record shows that trial counsel introduced into evidence medical records from a Monroe, Michigan hospital. Appellant's brother testified that he took appellant to the out-of-state hospital for treatment under an assumed name to a avoid a gun shot victim report. This report sufficiently detailed appellant's injury without an in-court demonstration.
The medical records, however, contradict appellant's assertion that his injury would have prevented him from firing a second shot. The records show that the injury was to appellant's left hand and that he was right handed.
Again, we must concur with appellate counsel's analysis of this proposition. Trial counsel performed valiantly in the face of overwhelming evidence that appellant ran the victim to ground and fired two bullets into him in full view of a southside Toledo neighborhood. Accordingly, appellant's assignment of error relative to ineffective assistance of trial counsel is not well-taken.
 III.
Appellant also suggests that appellate counsel was ineffective for failing to find something to appeal. Anders v. California, supra, and innumerable following Ohio cases, make specific provision for an appellate counsel to do exactly that which this counsel has done when he fails to find arguable errors in an appeal. Since we concur with appellate counsel's analysis of this case, appellant's assignment of error concerning ineffective assistance of appellate counsel is not well-taken.
 IV.
In appellant's remaining assignment of error, he asserts that he was prejudiced by the under-representation of African-Americans in the pool from which his jury was drawn. Appellant, however, presents no evidence that this assertion is statistically accurate or that, if it were statistically true, such exclusion was purposeful. Both are required.State v. Fulton (1991), 57 Ohio St.3d 120, syllabus; Batson v. Kentucky
(1986), 476 U.S. 79, 94-95. Accordingly, appellant's equal protection assignment of error is not well-taken.
We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., JUDGES CONCUR.